**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2408

IRENE MBATKAM TCHOUA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-102-305)

Submitted: September 25, 2006      Decided: December 18, 2006

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, NOTO & OSWALD, PC, Washington, D.C., for Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irene Mbatkam Tchoua, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Tchoua challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Tchoua fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Tchoua's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Tchoua fails to show that

- 2 -

he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Tchoua failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Tchoua failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Tchoua also argues that the Board erred in failing to remand the record to the immigration judge in light of the poor translation by the court interpreter and missing words in the transcript. Tchoua, however, never objected to the transcript or the translation on appeal to the Board, nor did he ask for a remand on this ground. He has therefore waived his right to raise this argument before this court. See Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990).